United States District Court
Southern District of Texas
**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| IVAN JOSE VIELMA MATHEUS, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00311 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. Petitioner is represented by counsel. After considering the petition, its attachments, and applicable law, the Court concludes that the petition should be **DISMISSED without prejudice**.

The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases R. 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4.

According to the petition, Petitioner is a citizen of Venezuela. (Dkt. No. 1 at 2).[1] He has been detained at the Rio Grande Processing Center since November 5, 2025. (*Id.*). The petition represents that an Immigration Judge issued a "final order of removal" against Petitioner on January 27, 2026. (*Id.*). He then asserts that his continued detention and Respondents' failure to effectuate his removal violates due process and 8 U.S.C. § 1231(a), and he requests that the Court order his release or a bond hearing.

However, the framework Petitioner relies on to assert his claims is plainly inapplicable to him. 8 U.S.C. § 1231 governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

Here, the attached image does not indicate that a final order of removal has been entered by an Immigration Judge. (Dkt. No. 1-1 at 5). Further, there is no indication of whether Petitioner has filed an appeal. As such, there is no indication that Petitioner's removal order is final. For this reason, it plainly appears that Petitioner is not entitled to relief under the specific claims asserted in the petition.

For the reasons stated above, the petition, (Dkt. No. 1), is **DISMISSED without prejudice**.

It is so **ORDERED**.

**SIGNED** on March 5, 2026.

John A. Kazen
United States District Judge